1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Merry Russitti Diaz and Kater Perez, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Westco Chemicals, Inc.; Ezekiel "Alan" Zwillinger; and Steven Zwillinger,<br><br>Defendants. | Case No. 2:20-cv-002070-ODW-AGR<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [46]**<br><br>Date: March 15, 2021<br>Time: 1:30 PM<br>Ctrm: 5D, 5th Floor<br><br>Hon. Otis D. Wright II |

After considering the papers filed in connection with the unopposed Motion for Class Certification filed by plaintiffs Merry Russitti Diaz and Kater Perez, ("Plaintiffs"), the Court deems this matter appropriate for decision without oral argument, and the hearing set for March 15, 2021 at 1:30 PM is hereby **VACATED**. *See* Fed. R. Civ. P. 78(b); L.R. C.D. Cal. 7-15.  Plaintiffs' Motion for Class Certification is **GRANTED**. (ECF No. 46.)

    1.    The Court finds that Plaintiffs' claims meet each of the requirements of Federal Rule of Civil Procedure 23(a).  (1) <u>Numerosity</u>.  The claims are numerous, because the evidence shows that at least 40 individuals are participants in the pension plan at issue.   (2) <u>Commonality</u>.  The commonality requirement of Rule 23(a) is met because the legality of Defendants' practices is a common issue which equally affects all members of the proposed class.  If, as Plaintiffs contend, Defendants breached their ERISA fiduciary duties of prudence and loyalty to the pension plan at issue that is an issue common to all members of the proposed class. (3) <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the proposed class, in that their claims are brought on behalf of the pension plan and arise from the same practice or course of conduct that forms the <u>basis of all</u> proposed class members' claims and is based upon the same legal theory. (4) Adequacy. Plaintiffs are adequate class representatives. Plaintiffs have retained qualified counsel and there is no evidence of any antagonism or conflict of interest between Plaintiffs and the other members of the class.

    2.    For the reasons set forth in the Motion, the Court finds Plaintiffs' claims meet the requirements of Rule 23(b)(1).

The Court finds the legal issue presented by Plaintiffs' claims are such that, in the absence of a class action there is a risk of inconsistent and conflicting verdicts. The Court is unaware of any other cases involving similar claims, and there is no evidence that any class member has an interest in individually controlling a separate claim.

3. Based on the foregoing, the Court certifies the following class:

> All participants and beneficiaries of the Westco Chemicals, Inc. Defined Benefit Pension Plan(" Pension Plan") whose Plan account had a balance at any time on or after March 03, 2014 through the present. Excluded from the Class are Defendants and any Westco Chemicals Inc. employees having or exercising fiduciary responsibility for the investment of the Pension Plan's assets or administration of the Pension Plan's terms.

4. Pursuant to Federal Rule of Civil Procedure Rule 23(g), the Court appoints Plaintiffs' counsel of record, Michael C. McKay and Shoham J. Solouki as Class Counsel, and Merry Russitti Diaz and Kater Perez, as Class Representatives.

IT IS SO ORDERED.

Dated:   March 9, 2021

Otis D. Wright II
U.S. District Court Judge