**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERRY RUSSITTI DIAZ; KATER PEREZ, individually and on behalf of all others similarly situated, | No.    22-55823 |
| | D.C. No. 2:20-cv-02070-ODW-AGR |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| WESTCO CHEMICALS, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted May 9, 2023
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and ANTOON,** District Judge.

Merry Russitti Diaz and Kater Perez, on behalf of themselves and a class of

similarly situated persons, appeal the district court's grant of summary judgment in

favor of Westco Chemicals, Inc., Alan Zwillinger, and Steven Zwillinger on

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Appellants' ERISA breach-of-fiduciary-duty claims.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's grant of summary judgment,

'including legal determinations regarding standing.'"  *Ochoa v. Pub. Consulting*

*Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022) (quoting *Alaska Right to Life PAC*

*v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007)); *accord Whitewater Draw Nat.*

*Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1007 (9th Cir. 2021).  Here, the

district court did not err in concluding that Appellants lacked Article III standing to

bring breach-of-fiduciary-duty claims against Appellees arising from Westco's

defined-benefit pension plan.

"'The party invoking federal jurisdiction bears the burden of establishing'

standing—and, at the summary judgment stage, such a party 'can no longer rest

on . . . mere allegations, but must set forth by affidavit or other evidence specific

facts.'"  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013) (alteration in

original) (further internal quotation marks omitted) (quoting *Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 561 (1992)).  With their summary judgment motion,

Appellees submitted evidence that Appellant Diaz has received—and will continue

to receive—all the monthly benefits to which she is entitled under Westco's

defined-benefit pension plan and that Appellant Perez never applied for the death

benefit to which she claims entitlement under the plan.  In response, Appellants

2

presented no evidence that created a genuine issue of material fact as to whether Appellants suffered an injury-in-fact. "Misconduct by the administrators of a defined benefit plan will not affect an individual's entitlement to a defined benefit unless it creates or enhances the risk of default by the entire plan." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1622 (2020) (quoting *LaRue v. DeWolff, Boberg, & Assocs., Inc.*, 552 U.S. 248, 255 (2008)). The undisputed evidence in the record shows that the plan is not currently at risk of default.

With respect to Appellants' "meaningful benefits" theory, although Appellants purport to bring their claims on behalf of the plan, they have identified no injury to the plan itself. While Appellants argue that the plan formula should have allocated benefits differently among the various participants in the plan, they have not shown that the plan itself has suffered any injury, as they must to prevail on their 29 U.S.C. § 1132(a)(2) claim. *See LaRue*, 552 U.S. at 256 (holding that 29 U.S.C. § 1132(a)(2) "does not provide" defined-benefits plan participants with "a remedy for individual injuries distinct from plan injuries"). The district court thus correctly granted summary judgment to Appellees.[1]

_____

[1] The district court did not abuse its discretion by declining to consider Appellants' evidentiary submissions that did not comply with Central District of California Local Rule 56-3 and the court's scheduling order. *See, e.g.*, *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules."); *Cusano v. Klein*, 264 F.3d 936, 951 (9th Cir. 2001) ("Because Cusano inexcusably neglected to respond

**AFFIRMED.**

---

to the district court's order requiring him to act, the district court did not abuse its discretion by refusing to weigh Cusano's late-submitted evidence at summary judgment."). Contrary to Appellants' argument, their submissions did not "substantially comply" with the Local Rule's and scheduling order's requirements.